**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000715**
**26-OCT-2017**
**08:16 AM**

NO. CAAP-16-0000715

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JENIKO JOSEPH, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-15-047154)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Jeniko Joseph appeals from a Judgment and Notice of Entry of Judgment, entered by the District Court of the Third Circuit ("District Court") on August 30, 2016.[1] The District Court convicted Joseph of one count of child passenger restraints, in violation of Hawaii Revised Statutes ("HRS") section 291-11.5,[2] and one count of driving a

---

[1] The Honorable Margaret K. Masunaga presided.

[2] HRS section 291-11.5(a)(2) (2007) provides:

> Except as otherwise provided in this section, no person operating a motor vehicle on a public highway in the State shall transport a child under eight years of age except under the following circumstances:
>
> . . . .
>
> (2) If the child is four years of age or older but less than eight years of age, the person operating the motor vehicle shall ensure that the child is properly restrained in a child safety seat or booster seat that meets federal motor vehicle safety standards at the time of its manufacture[.]

motor vehicle without a driver's license ("DWOL"), in violation of HRS section 286-102(b).[3]

On appeal, Joseph argues that the District Court wrongly convicted her (1) after violating her constitutional right to testify in her own defense by engaging her in a deficient colloquy under *Tachibana v. State*, 79 Hawai'i 226, 900 P.2d 1293 (1995) and failing to conduct a "true colloquy" with her; (2) after burdening her constitutional rights to due process and a fair trial by admitting into evidence the traffic citation,

---

[3] HRS section 286-102 (Supp. 2014) provides, in relevant part:

    (a)    No person, except one:

    (1)    Exempted under section 286-105[,]

    . . . .

    shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

    (b) A person operating the following category . . . of motor vehicles shall be examined as provided in section 286-108 and duly licensed by the examiner of drivers:

    (1)    Mopeds;

    (2)    Motorcycles and motor scooters;

    (3)    Passenger cars of any gross vehicle weight rating, buses designed to transport fifteen or fewer occupants, and trucks and vans having a gross vehicle weight rating of eighteen thousand pounds or less; and

    (4)    All of the motor vehicles in category (3) and any vehicle that is not a commercial motor vehicle.

HRS section 286-105 (2007) provides, in relevant part:

    The following persons are exempt from license:

    . . . .

    (3) Any person who is at least eighteen years of age and who has in the person's possession a valid driver's license to drive the categories of motor vehicles listed in section 286-102(b), except section 286-102(b)(4), that is equivalent to a driver's license issued in this State but was issued to the person in another state of the United States, the Commonwealth of Puerto Rico, United States Virgin Islands, American Samoa, Guam, a province of the Dominion of Canada, or the Commonwealth of the Northern Mariana Islands for that category of motor vehicle which the person is operating[.]

which was irrelevant and hearsay with no applicable exception; and (3) based on insufficient evidence that she was not exempted from the driver's license requirement, under HRS section 286-105(3).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Joseph's first and third points of error as follows.

A.    The *Tachibana* colloquy

1.    The *Tachibana* colloquy was deficient, and there was no "true colloquy."

The District Court engaged Joseph in the following colloquy on the subject of her right to testify:

> THE COURT: . . . .
>
> . . . .
>
> And, Ms. Joseph, you have a right to testify. If you want to testify no one can prevent you from testifying. If you choose to testify the prosecutor can cross-examine you. If you choose not to testify the Court cannot hold that against you. You understand?
>
> [Joseph] (Interpreted): Yes.
>
> THE COURT: Okay.
>
> (The defendant and counsel held a discussion off the record through the interpreter.)
>
> [Joseph's counsel]: And, uh, Your Honor, Miss, um, Joseph indicated to me she does not wish to testify.
>
> THE COURT: Okay.

The State concedes that the colloquy was deficient under *Tachibana* because the District Court accepted waiver of the right to testify from Joseph's counsel rather than directly from Joseph. Nevertheless, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" *State v. Veikoso*, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting *State v. Hoang*, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's confession of error "is not

3

binding upon an appellate court[.]" *Hoang*, 93 Hawai'i at 336, 3 P.3d at 502 (quoting *Territory v. Kogami*, 37 Haw. 174, 175 (Terr. 1945)) (internal quotation marks omitted).

The District Court did not engage in a "true colloquy" where it merely recited a "litany of rights" followed by a single inquiry as to whether Joseph understood. *See State v. Pomroy*, 132 Hawai'i 85, 89, 91, 93 n.7, 319 P.3d 1093, 1097, 1099, 1101 n.7 (2014). Joseph's need to communicate at trial through a translator was a "salient fact" that made the court's failure to engage in a "true colloquy" even more significant. *See State v. Han*, 130 Hawai'i 83, 92, 306 P.3d 128 (2013).

Furthermore, Joseph never directly indicated to the court whether she would testify; rather, she answered through her counsel. *See State v. Hoang*, 94 Hawai'i 271, 278, 12 P.3d 371, 378 (App. 2000) (stating that a defendant's waiver of his or her right to testify must be obtained directly from the defendant, not "by proxy"); *State v. Staley*, 91 Hawai'i 275, 286-87, 962 P.2d 904, 915-16 (1999) (holding that an on-the-record waiver of the right to testify must be elicited from the defendant). Therefore, the *Tachibana* colloquy in this case was deficient as a matter of law.

> 2.     The State did not meet its burden, under *Tachibana*, to show the defective colloquy was harmless beyond a reasonable doubt.

In *Tachibana*, the Hawai'i Supreme Court held:

> Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt. [*State v.* ]*Silva*, 78 Hawai'i [115, ]125, 890 P.2d [702, ]712 [(App. 1995)] ("The harmless beyond a reasonable doubt rule would apply to constitutional error involving the right to testify[.]"); see also *LaVigne* [*v. State*], 812 P.2d [217, ]221 [(Alaska, 1991)] (holding that once defendant establishes that counsel prevented him from testifying and that he would have offered relevant testimony, reversal is required unless State can show that the failure to testify was harmless beyond a reasonable doubt).

79 Hawai'i at 240, 900 P.2d at 1307.

Here, Joseph argues that the defective *Tachibana* colloquy was not harmless beyond a reasonable doubt because without an indication of what she would have testified to on the

stand, it is unknowable whether the State would have shown beyond a reasonable doubt she committed the offense, had she testified. The State responds that notwithstanding the standard of review according to *Tachibana*, Joseph initially has the burden to show that there is a reasonable possibility that the error contributed to her conviction, i.e., that she would have offered relevant testimony had she testified.

The State contends that in *Tachibana*, the Hawai'i Supreme Court erroneously cited to *Silva*[4] as support for its holding because *Silva* concerned whether the trial court committed harmless error, under Rule 52(a) of the Hawai'i Rules of Penal Procedure ("HRPP"), whereas the issue in *Tachibana* was whether the trial court committed plain error, under HRPP Rule 52(b). Alternatively, the State argues that in *Tachibana*, the supreme court did not erroneously apply *Silva*, but instead, "intended it only as a precedent for a special application of *Plain Error* review subject to modifications consistent with *La Vigne*[,]"[5] which the supreme court also cited to in *Tachibana* as a basis for its holding. In other words, the State continues,

> if *Tachibana* meant to impose the *Plain Error* *second-step*

---

[4] In *Silva*, this court held that a trial court's intervention in Silva's exercise of his right to testify or not testify was not harmless, under HRPP Rule 52(a). 78 Hawai'i at 125-26, 890 P.2d at 712-13.

[5] In *La Vigne*, 812 P.2d at 220, the Supreme Court of Alaska addressed whether a trial court's violation of La Vigne's right to testify compelled a *per se* reversal of his conviction, as La Vigne argued, or affirmance unless La Vigne showed he was prejudiced, as the prosecution argued. La Vigne did not raise the issue below. The Alaska Supreme Court held that the applicable standard of review was whether the constitutional violation was harmless beyond a reasonable doubt. *Id.*

The Alaska Supreme Court explained that application of the harmless-beyond-a-reasonable-doubt standard involved a two-step, burden-shifting process:

> First, after showing that his constitutional right to testify has been denied, La Vigne bears an initial burden to show he would have offered relevant testimony had he been allowed to testify at his trial. . . .
>
> . . . .
>
> If the defendant's initial burden is met, the burden will then shift to the state to show that denial of his constitutional right was harmless error beyond a reasonable doubt. . . .

*Id.* at 2220-21.

burden on the state in cases denying the right to testify, it surely meant to do so <u>only after</u> a defendant has met their initial burden under *La Vigne* to show that defendant would have offered relevant testimony had defendant been allowed to testify at his trial or at least now.

Citing to *State v. Taylor*, 130 Hawai'i 196, 205, 307 P.3d 1142, 1151 (2013),[6]/ the State refers to this special form of review as a "two-step plain-error-then-harmless-error" review.

In *Tachibana*, the Hawai'i Supreme Court plainly held that where the colloquy on the right to testify is defective, on appeal, the State bears the initial burden to show that the error is harmless. Here, the State urges this court to read into this holding a precondition that the defendant show he or she would have offered relevant testimony had he or she testified. However, *Tachibana*, on its face, includes no such precondition. *Tachibana* has not been overruled and remains binding on this court. *See State v. Jim*, 105 Hawai'i 319, 331, 97 P.3d 395, 407 (App. 2004) ("[u]nder the doctrine of *stare decisis*, where a legal principle has been passed upon by the court of last resort, it is the duty of all inferior tribunals to adhere to the decision, until the decision has been reversed or overruled by the court of last resort or altered by legislative enactment." (quoting *Soderlund v. Admin. Dir. of Courts*, 96 Hawai'i 114, 119 n.8, 26 P.3d 1214, 1219 n.8 (2001)) (original brackets, ellipsis, and internal quotation marks omitted)).

The State argues in the alternative that even if the State has the initial burden to show a defective colloquy was harmless beyond a reasonable doubt, under *Tachibana*, the State has met its burden given the overwhelming evidence that Joseph

---

[6]/    In *Taylor*, where Taylor argued for the first time on appeal that the trial court failed to provide a particular jury instruction *sua sponte*, the Hawai'i Supreme Court explained that the following standard of review applied:

> This court may notice as plain error the omission of a mistake of fact jury instruction if it appears that the defendant has come forward with credible evidence going to the defense that the jury should have been able to consider. . . . . In such an instance, where the omission of the mistake of fact jury instruction constitutes plain error, it shall be a basis for reversal of the defendant's conviction only if an examination of the record as a whole reveals that the error was not harmless beyond a reasonable doubt.

130 Hawaii at 207-08, 307 P.3d at 1153-54 (footnote and citation omitted).

committed DWOL.  The State asserts that no testimony by Joseph would have overcome Hawai'i County Police Sergeant Bradley Freitas's credible testimony that Joseph produced no driver's license and said she had none.  The State notes that Joseph has never produced or claimed to have in her possession a valid driver's license.

We cannot hold that the defective colloquy was harmless beyond a reasonable doubt.  *See Tachibana*, 79 Hawai'i at 240, 900 P.2d at 1307 ("Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." (citing *Silva*, 78 Hawai'i at 125, 890 P.2d at 712)); *Hoang*, 94 Hawai'i at 279, 12 P.3d at 379 ("[I]t is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case." (citing *Silva*, 94 Hawai'i at 126, 890 P.2d at 713)).  The record does not indicate what Joseph would have said had she testified.  Thus, it is unknowable what the district court's determinations regarding the weight of the evidence and credibility of the witnesses would have been, had she testified.  *See Pomroy*, 132 Hawai'i at 94, 319 P.3d at 1102.

B.     The evidence that Joseph committed DWOL is
       sufficient.

Joseph argues that there was insufficient evidence that she committed DWOL because the State failed to show she did not possess a driver's license from another jurisdiction and, thus, was not exempt under HRS section 286-105.  The State adduced sufficient evidence that Joseph committed DWOL, and an exemption under HRS section 286-105 is a defense, which Joseph had the initial burden to assert.  *See State v. Castillon*, 140 Hawai'i 242, 247, 398 P.3d 831, 836 (App. 2017) (holding that the HRS section 286-102(a) exceptions are not elements of the DWOL offense, but are defenses for which the defendant must first offer evidence before the burden shifts to the prosecution to disprove).  Because Joseph has offered no evidence that she qualified for any of the exemptions under HRS section 286-105,

her insufficiency claim lacks merit.

Given the foregoing, we need not address Joseph's second point of error.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered by the District Court of the Third Circuit on August 30, 2016, is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, October 26, 2017.


On the briefs:

Diamond U. Grace,
Deputy Public Defender,
for Defendant-Appellant.

David Blancett-Maddock,
Deputy Prosecuting Attorney,
County of Hawaii Revised
Statutes Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge